# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE BOHANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-1033-MLB |
| | ) |
| J.M. BAKER, D.O. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Order Permitting *Ex Parte* Interviews with Treating Physicians and Other Health Care Providers (Doc. 16), filed on September 18, 2006. Plaintiff did not file a response and the time to do so has expired. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days). After careful consideration Defendant's submission, the authorities stated therein, and the numerous exhibits submitted, the Court is prepared to rule on Defendants' motion.

## BACKGROUND

This case arises out of medical care and treatment provided to Plaintiff Mike Bohannon in March and April 2004 by Defendant Dr. J.M. Baker. (Doc. 1.) Plaintiff filed his Complaint (Doc. 1) on February 13, 2006, alleging that the care and treatment provided by Defendant departed from the standard of care,

constituting negligence. (*Id.*) Plaintiff contends that he has suffered "past and future pain, suffering, mental anguish, disability, disfigurement, loss of time and income and medical expense." (*Id.* at ¶ 8.) as a result of Defendant's alleged negligence. Defendant filed his Answer to Plaintiff's Complaint on March 23, 2005, generally denying Plaintiff's allegations of negligence. (Doc. 9.)

Defendant filed the present motion requesting that the Court enter appropriate an Order permitting Defendant to conduct *ex parte* interviews of Plaintiff's treating physicians and other health care providers. (Doc. 31.) As stated previously, Plaintiff did not file a response and the time to do so has now expired.

**DISCUSSION**

"If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4. As stated previously, Plaintiff has not filed a response to Defendant's motion and the time to do so has expired. The Court will, however, also discuss Defendant's motion on its merits.

In making claims for personal injury, Plaintiff has clearly placed his medical condition at issue. Judges in this District consistently – and recently – have held

that *ex parte* communications with treating physicians are permissible in cases, such as the present one, in which the medical condition of the plaintiff is an issue. *See* **McCloud v. Board of Directors of Geary Community Hospital, et al**, No. 06-1002-MLB, August 16, 2006, Memorandum and Order (Magistrate Judge Donald Bostwick); *see also* **G.A.S. v. Pratt Regional Medical Center, Inc., et al.**, No. 05-1267-JTM, June 8, 2006, Memorandum and Order (Magistrate Judge Karen Humphreys), at 2-3 (collecting decisions from this District); **Lake v. Steeves,** 161 F.R.D. 441 (D.Kan. 1994) (District Judge Sam A. Crow); **McGee v. Stonebridge Life Insurance Co.,** No. 05-4002-JAR, June 28, 2005, Memorandum and Order (Magistrate Judge K. Gary Sebelius). The Court finds no reason to part with the well-reasoned line of decisions from this District, and an extended discussion of those prior decisions would not add anything meaningful to the legal scholarship on this topic. Even so, the Court has some concerns about Defendants' proposed Order.

     Initially, the Court is not satisfied that the proposed Order clearly informs any treating physician or other health care provider of their right to decline any request for *ex parte* communication with counsel, as is customary in this district. Paragraph 2 of the proposed Order states, in part, that any "health care provider in possession of [Plaintiff's] health information may talk with counsel for one party

3

without the other party or other party's counsel being present or participating, provided the health care provider consents to the interview."

In the Court's opinion, the following language would more appropriately define the nature of the communication authorized by the Order:

> Although this Order <u>authorizes and permits</u> all health care providers of Mike Bohannon to grant informal interviews, the Order does not <u>require</u> a health care provider to meet or speak with any attorney in this proceeding. Rather, a physician or other health care provider has a right to decline an attorney's request to speak or meet.

The Court approves of the final two sentences contained in paragraph 2 of the proposed Order and directs that they be included in the final version of the Order.

The Court is also mindful that HIPAA imposes certain procedural requirements and safeguards, which are set out in 45 C.F.R. § 164.512(e)(1). That section allows disclosure of protected health information

> in the course of any judicial or administrative proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order . . . .

Defendant's proposed Order defines "health information" as "any information, in any format including verbal communication, that is created or received by a health care provider or health plan that relates to the past, present, or future physical or

mental health or condition" of Plaintiff, as well as the "past, present or future payment for the provision of health care." (Proposed Order, at ¶ 1.)

This definition does not, however, address the regulations found in 42 C.F.R. part 2, which are not HIPAA regulations. These regulations were enacted pursuant to the provisions of the Drug Abuse Prevention, Treatment, and Rehabilitation Act, 21, U.S.C. § 1175, and were later transferred into the Public Health Service Act, 42 U.S.C. § 290dd-2. *See* 42 C.F.R. § 2.1 and 2.2.

Under 42 U.S.C. § 290dd-2, records of the identity, diagnosis, prognosis or treatment of any patient which are maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, shall be confidential, and shall be disclosed only as provided in the statute and implementing regulations. One method for obtaining such records is to obtain authorization by an appropriate order of a court of competent jurisdiction, upon a showing of good cause. 42 U.S.C. § 290dd-2(b)(2)(C). The statute further directs that

> In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary,

> shall impose appropriate safeguards against unauthorized disclosure.

42 U.S.C. § 290dd-2(b)(2)(C). *See also* **Mosier v. American Home Patient,** 170 F.Supp. 2d 1211, 1213-15 (N.D.Fla. 2001) (discussing what may constitute a finding of "good cause" under the regulations).

Subpart E of the regulations enacted pursuant to this statute set out the requirements and procedures for entry of an order authorizing disclosure of patient substance abuse information and/or records in a pending civil action where it appears they are need to provide evidence. *See* 42 C.F.R. § 2.63 and 2.64. These orders are "a unique kind of court order." *See* 42 C.F.R. § 2.61. Courts applying these statutes and regulations have noted that there is a strong presumption against disclosing information covered by the statute and regulations, and the privilege afforded to them should not be abrogated lightly. **Fannon v. Johnson,** 88 F.Supp.2d 753, 758 (E.D.Mich. 2000); **Guste v. The Pep Boys-Manny, Moe & Jack, Inc.,** 2003 WL 22384947 at * 3 (E.D.La. 2003).

It is important to note, however, that not every substance abuse treatment program's information and/or records will be covered by the statute and regulation. The statute and regulations apply *only* to programs which are federally conducted, regulated or supported in a manner which constitutes Federal assistance under the regulations. *See* 42 C.F.R. § 2.12(a)(2); **Beard v. City of Chicago,** 2005 WL

66074 at * 4 (N.D. Ill. 2005) (Section 290dd-2 does not create a privilege that covers any and all records of substance abuse treatment but only those records of programs which are conducted, regulated or directly or indirectly assisted by an agency of the United States).  *See also*, **Center for Legal Advocacy v. Earnest,** 320 F.3d 1107 (10th Cir. 2003) (holding as a matter of law that a specific hospital's emergency department does not qualify as an alcohol or drug abuse "program" under the Part 2 regulations and therefore the hospital could not refuse production of the records in reliance on the statute and regulations).

After reviewing 42 U.S.C. 290dd-2, the regulations in 42 C.F.R. § 2.1, *et. seq.*, and the cases cited above, the Court cannot conclude based on the present record that the motion and proposed Orders in this case would satisfy the statutory and regulatory requirements for production of information regarding diagnosis and treatment of alcoholism or drug dependency pursuant to 42 C.F.R. Part 2.  *See* 42 C.F.R. §§ 2.63 and 2.64.  *See e.g.,* **U.S. ex.rel. Chandler v. Cook County, Ill.,** 277 F.3d 969, 982-83 (7th Cir. 2002) (finding that the district court's discovery order violated the provisions of the regulations).  In fact, the Court is not in a position to determine whether any such records actually exist, or if they do exist, whether they would be considered part of a "program" that is federally directed or assisted in the manner required by 42 C.F.R. part 2.  Therefore, the Court is not in a position to

include in the present Orders any authorization to produce information and/or records that are governed by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.

Therefore, the proposed Order should include, as a part of Paragraph 1 which defines the "health information" covered by the Order, the following proviso:

> "**Provided however, that this Order does not provide for the disclosure or production of any health information or medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, <u>which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.</u>**

The Court emphasizes that the proposed Order, as revised, *would* authorize the disclosure or production of any health information or medical records about any treatment of Plaintiff for substance abuse issues *if* the provider who did the treatment and maintained the records was *not* a federally assisted or directed program as defined by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.  Furthermore, nothing in this Memorandum and Order should be construed to prohibit Defendant from seeking an order in the future concerning production of substance abuse information and/or records which would be covered by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2 if such records exist and if Defendant can satisfy the requirements

of the statute and regulations.

With the above modifications in mind, Defendant's Motion (Doc. 31) is hereby **GRANTED**.  Defense counsel shall revise the proposed Order as directed above, and shall forward the revised Order by e-mail to opposing counsel and to the undersigned magistrate judge for approval and filing.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 12th day of October, 2006.

                                            s/ Donald W. Bostwick
                                            DONALD W. BOSTWICK
                                            United States Magistrate Judge