IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MIKE BOHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  06-1033-MLB |
| | ) | |
| J.M. BAKER, D.O., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Before the court is defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 21). The court held an evidentiary hearing on October 23, 2006. Plaintiff, plaintiff's estranged wife and plaintiff's father testified. The parties stipulated to certain exhibits which are attached to some of their submissions. Having heard the testimony and having considered the evidence and the parties' submissions (Docs. 22, 23, 29, 32, 33 and 36), the court denies defendant's motion.

### Facts

Plaintiff suffered a heart attack in 2004. He filed this action on February 13, 2006, more or less on the eve of the expiration of the statute of limitations. According to the complaint, defendant allegedly provided negligent care and treatment to plaintiff during March and April 2004, presumably in connection with his heart attack.

Both plaintiff and his estranged wife testified that plaintiff's inability to work after his heart attack caused a strain in the relationship between plaintiff, his wife and their children. According to his estranged wife, no one was sure when she or the

children might come home and "find Mike dead." Therefore, in December 2005, plaintiff began preparation to move from the family residence in Mayfield, Kansas, to Oklahoma.

In January 2006, plaintiff moved his one bedroom trailer home to an abandoned gas station in Oklahoma and then to another location referred to as the "pig farm" located in Braman, Oklahoma. Plaintiff testified that he had no place in Kansas to locate the trailer and that friends in Oklahoma "cut him a deal." (Apparently plaintiff traded a couple of dogs for a place to park his trailer.) Plaintiff testified, without contradiction, that his parents' place is too small to put the trailer there. In December, he arranged for electrical service to the trailer and in January, for propane service. Since January 2006, plaintiff has stayed in the trailer five to seven nights per week except when he has traveled back to Mayfield to stay with his children when his wife is out of town serving in the Air National Guard or on a business trip.

As of February 13, 2006, plaintiff had secured an Oklahoma identity card (it looks like a driver's license but states "not a license to drive") and a hunting license. During the following months, plaintiff obtained an Oklahoma driver's license and registered his vehicle in Oklahoma. He also registered to vote, but not until July 2006. He did not change his phone listing from his Kansas address because of a strange, but apparently true, arrangement with the phone company that his heirs will receive a "dividend" from the phone company when he dies if he keeps his number. Plaintiff has maintained his bank account in Wellington, Kansas, where it has been for many years.

Plaintiff's parents live in Kansas. Their house is slightly closer to plaintiff's trailer in Oklahoma than it is to the residence in Mayfield. Plaintiff's parents are not in good health. Plaintiff testified that he helps his parents when they need it and sees them at least every two weeks. Plaintiff's father, on the other hand, told the court that he sees plaintiff every two to three days.

Plaintiff intends to stay in Oklahoma until this matter is concluded. Then he will either remain in Oklahoma or move to Louisiana with his wife, where his wife's sisters live. Plaintiff's estranged wife plans to retire from the Air National Guard in December 2006 and move to Louisiana. Based on her demeanor, she means to do just that, regardless of plaintiff's plans.

### The "Real Question"

Suspicious minds might ask: Why would plaintiff file his case in this court rather than in the county where both he and defendant resided when the alleged negligent treatment and care took place? After all, he lives only a stone's throw from Kansas and the courthouse in Wellington is closer than the federal courthouse in Wichita. Furthermore, by filing in state court, plaintiff would be able to avoid those pesky <u>Daubert</u> and dispositive motions which are the hallmark of virtually every medical negligence case filed in federal court (but not in state court). One answer (probably <u>the</u> answer) is that plaintiff filed the case here to get it out of state court in the county where defendant practices and presumably is a well-known physician. Defendant, of course, would like for the case to remain in state court, undoubtedly for the same reason. Although defendant does not specifically so contend, he surely believes

plaintiff moved out of Kansas just to create diversity jurisdiction. Defendant's problem is that there is no direct evidence to support this presumed belief and no basis for the court to draw an inference of forum shopping.

## Discussion

The parties have set forth the applicable law pertaining to establishment of a residence for purposes of diversity of citizenship jurisdiction. Plaintiff has the burden to prove that he has changed his residence and that he intends to remain there permanently. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).

A fairly recent Kansas case sets out some of the factors which can be considered in determining a party's residence for purposes of diversity jurisdiction: Cressler v. Neuenschwander, 930 F. Supp. 1458 (D. Kan. 1996). Keeping in mind that residence is determined as of the time the case is filed, only a few of the factors have been shown by the evidence.

1. Whether the party rents or buys a home. A house trailer on donated property doesn't seem too permanent but there is no evidence that plaintiff had (or has) any other living option. No evidence was presented regarding ownership of the Mayfield residence.

2. Whether the party took his belongings with him. Plaintiff testified that the trailer is "furnished." There is no evidence that he left anything in Kansas.

3. Whether the party's family has moved with him. They haven't but the evidence is that plaintiff was more or less "invited" to leave his residence in Kansas. There is no evidence that plaintiff will have a Kansas family to return to after his wife retires in December.

-4-

     4. The location of the party's voter registration. Plaintiff registered to vote in Oklahoma in July 2006, which really doesn't count because it occurred after he filed this case.

     The test regarding residence is based on the totality of the evidence. Plaintiff, who carries the burden, was a good witness and the court is satisfied with his explanation for moving to Oklahoma. Plaintiff's estranged wife also was a credible witness. She made it clear that she will be leaving Kansas as soon as possible and doesn't much care whether plaintiff goes with her and the children. Plaintiff's father was only a fair witness, but he made it clear that he does not "interfere" with his son's life. There was no evidence that plaintiff would be welcome to move to his parents' home.

     In conclusion, defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 21) is denied. The case will stay in this court.

     IT IS SO ORDERED.

     Dated this   25th   day of October 2006, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE