## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

MIKE BOHANNON,                       )
                                     )
                    Plaintiff,       )      **CIVIL ACTION**
                                     )
v.                                   )      No.  06-1033-MLB
                                     )
J.M. BAKER, D.O.,                    )
                                     )
                    Defendant.       )
_____)

<u>**MEMORANDUM AND ORDER**</u>

Before the court are the following:

1.    Plaintiff's motion to strike the supplemental report
      of Dr. Blunk (Docs. 101-03); and

2.    Defendant's response (Doc. 105).

Defendant retained Jim D. Blunk, D.O., as an expert witness.  By letter of June 19, 2007, Dr. Blunk opined that defendant's treatment of plaintiff was within the standard of care.  Thereafter, Dr. Blunk prepared a supplemental report dated October 30, 2007 concerning echocardiograms performed at the Galichia Medical Group in 2004, 2005 and 2007.  Dr. Blunk did not mention the Galichia Medical Group records in his June 19, 2007 report even though the records obviously were created and available at the time of his initial report.

Defendant's only explanation regarding the records is this statement:

> Subsequent to the materials forwarded to Dr. Blunk by defendant's counsel, additional more recent medical records of plaintiff in 2007 became available to defendant, including some forwarded by plaintiff's counsel as supplemental to outstanding requests for production of records.  These subsequently acquired records were forwarded to Dr. Blunk for his review and consideration and for any supplementation to his earlier opinions, specifically the plaintiff's state of health.

(Doc. 105 at 20).

Defendant's counsel's explanation does not specify when the Galichia records became available or which records were forwarded to defendant's counsel by plaintiff's counsel.  Plaintiff's motion is silent on these questions, as well.

Defendant cites Fed. R. Civ. P. 26(e) and (e)(1) to justify the supplemental (or, from plaintiff's point of view, untimely) report of Dr. Blunk.  The rule provides that ". . . any additions or other changes to [a report] shall be disclosed by the time the parties disclosures under Rule 26(a)(3) are due."  The final scheduling order filed June 25, 2007 (Doc. 75) required final rule 26(a)(3) disclosures to be served 40 days before the deadline for completion of discovery.  Completion of discovery was set for November 16, 2007.  Reports for retained experts were to be served by July 2, 2007.  Under these time lines, Dr. Blunk's supplemental report was not furnished in a timely fashion.

The court has some discretion in these matters but it declines to exercise that discretion in defendant's favor.  To the extent that defendant relies on Rule 26, the court finds his reliance is misplaced.  Defendant has not satisfactorily explained why the records which are the subject of the supplemental report were not made available to Dr. Blunk prior to the June 19, 2007 report, or when they were made available or why defendant did not seek a modification of the final scheduling order.

Accordingly, plaintiff's motion to strike (Doc. 101-03) is sustained.

IT IS SO ORDERED.

-2-

Dated this   7th   day of January 2008, at Wichita, Kansas.


                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE