IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MIKE BOHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 06-1033-MLB |
| | ) | |
| J.M. BAKER, D.O., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

By memorandum and order filed October 25, 2006 (Doc. 38), the court summarized the testimony taken in an evidentiary hearing in connection with defendant's first motion to dismiss for lack of subject matter jurisdiction. In substance, defendant took the position that plaintiff was a resident of Kansas at the time this case was filed (February 13, 2006) and therefore diversity jurisdiction was absent. After hearing the evidence, the court overruled defendant's motion.

When the pretrial order draft was presented, the court noted that subject matter jurisdiction was disputed. By letter dated November 26, 2007, the court notified counsel that if defendant was still disputing subject matter jurisdiction, he must file a second motion to dismiss. Defendant's second motion and plaintiff's response (Docs. 106, 107 and 109) are now before the court.

In his motion, defendant states that ". . . this new memorandum contains new medical records that post date the filing of the lawsuit, which provides a Kansas address for the plaintiff." Some of the records are dated prior to the date the lawsuit was filed (Exs. B-D) which purport to show plaintiff's Kansas residence. Other records

(including an affidavit of a secretary employed by defendant's counsel) purport to show that plaintiff received medical treatment in Kansas in 2007 and that the medical records list him as having a Kansas address (Exs. I-K).

There are two important dates in this case: the date on which the case was filed (February 13, 2006) and the date the court held the evidentiary hearing on defendant's motion to dismiss (October 23, 2006). The date of filing is significant because, as the court pointed out in its earlier order, residence is determined as of the date the case is filed. To the extent that defendant has now offered documents which predate the filing of the suit, they are irrelevant because they were not offered in evidence at the time of the hearing. The documents which chronicle medical treatment in Kansas after the date of filing are similarly irrelevant. There is nothing in defendant's motion which persuades the court that the finding of subject matter jurisdiction set forth in its October 25, 2006 order should be revisited or changed.

Accordingly, defendant's second motion to dismiss for lack of subject matter jurisdiction is denied.

IT IS SO ORDERED.

Dated this __7th__ day of January 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
